JESÚS MARÍA RÍOS BRIONES, Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent; SOL LUIS DESCARTES, TREASURER OF PUERTO RICO, Intervener.

No. 246.  Argued January 12, 1951.—Decided January 31, 1951.

*Carlos D. Vázquez* and *Arnaldo P. Cabrera* for petitioner.  *Vicente Géigel Polanco, Attorney General,* and *José A. García Malpica, Assistant Attorney General,* for intervener, respondent in the main action.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

Certiorari was granted in this case in answer to a petition in which it was alleged, in brief, that on October 10, 1949 the petitioner was notified of an income tax deficiency for the year 1946; that on the 13th of that same month he applied to the Treasurer of Puerto Rico for a reconsideration which was denied on the 26th of said month of October; that on November 10, 1949 the petitioner filed a complaint in the Tax Court and the latter, by order of January

18, 1950, refused jurisdiction on the ground that the complaint had been untimely filed. It was likewise alleged that when the deficiency was notified to the petitioner on October 10, 1949, both Act No. 230, approved May 10, 1949, amending § 57(a) of the Income Tax Act [1]—for which reason the provisions of said Section as amended were applicable hereto—and Act No. 235, approved on that same date, establishing a uniform procedure to appeal to the Tax Court, [2] were already in effect.

From our examination of the original record of the respondent court it appears, however, that the petitioner was notified of an income tax deficiency for the year 1946 on January 15, 1949; that on the 18th of that same month and year the taxpayer sought the reconsideration of said notice of deficiency and that on October 10 the Treasurer confirmed in whole said notice of January 15, 1949; that three days later—October 13—he applied for the reconsideration of said final decision, which was denied on the 26th of that same month. It also appears that the complaint was filed November 10, 1949, that is, one day after the expiration of the legal term therefor, taking as the start-

---

[1] Said Section, as amended by the aforesaid Act, provides:

"Section 57(a).—If, in the case of any taxpayer, the Treasurer determines that there is a deficiency in respect to the tax levied by this title, the taxpayer, except as provided in subdivision (c), shall be notified of such deficiency by registered mail, and the taxpayer *may, within thirty (30) days following the date on which said notification was mailed,* or within such extension of time as the Treasurer may grant to him for the purpose, apply in writing to the latter, for a reconsideration of and an administrative hearing on the matter, setting forth in his application the reasons he may have therefor. If the taxpayer does not apply for a reconsideration in the manner and within the term herein provided, *or if after having applied for same the Treasurer should confirm in whole or in part the deficiency notified,* the Treasurer shall in both cases notify *the taxpayer* by registered mail of *his final decision,* and the taxpayer may appeal from said final decision to the Tax Court of Puerto Rico in the manner, within the term and upon compliance with the require-. ments provided by law." (Italics ours.)

[2] Section 2(a)(1) of said Act, insofar as pertinent, provides:

"Section 2.—*Taxpayers' Remedies:*

ing point the date on which the Treasurer notified his final decision to the taxpayer: October 10, 1949. Even though in the order of the respondent court dismissing the complaint for lack of jurisdiction the notification of the deficiency to the taxpayer on January 15, 1949 is not mentioned, such fact was obviously taken into consideration by said court for it was necessary in order to arrive at the correct result it reached.

■■ Although the petitioner upon objecting to a motion to dismiss of the Treasurer, confined himself in the lower court to introducing evidence tending to show his diligence and the steps taken by him to file his complaint the day before it was filed in said court, without raising any question of law, in his brief in this Court he maintains that the final decision notified to him by the Treasurer on October 10, 1949 is not the starting point to compute the 30-day jurisdictional period allowed for filing his complaint in the Tax Court, for it is not a final decision but rather a notice of deficiency, on account of the approval of Acts Nos. 230 and 235 mentioned above; and that since his reconsideration was

---

"A.—*Appeal from Decisions of the Treasurer of Puerto Rico.*—Whenever a taxpayer disagrees with a decision notified to him by the Treasurer of Puerto Rico and is by law entitled to appeal therefrom to the Tax Court of Puerto Rico, he shall do so in the manner, within the term, and upon compliance with the requirements herein provided, as follows:

"1. *Income Tax*

"From a final determination of a deficiency notified in the manner provided for in Section 57(*a*) of the Income Tax Act of 1924, or from a final decision denying a claim in abatement, notified in the manner provided for in Section 62(*b*) of said Act, by filing complaint in the Tax Court of Puerto Rico, in the manner provided for by the law creating said court, within the term of thirty (30) days, from the date of mailing said notice of the final determination of the Treasurer of Puerto Rico, after giving bond in favor of the latter and before him, subject to the approval of said official, for the amount of the tax notified, plus interest computed for a period of one (1) year at the rate of six per cent (6%) per annum; . . . *And provided, finally,* That both the term of thirty (30) days within which to appeal to the Tax Court of Puerto Rico, and the giving of the bond above mentioned, where such bond is required, within the said term of thirty (30) days, shall be considered of a jurisdictional character."

not denied until October 26, the filing of his complaint on the following November 10 was timely.

Petitioner's contention is frivolous. There is nothing in the Acts in question to the extent of setting aside such administrative actions of the Treasurer in connection with notices of income tax deficiencies made pursuant to § 57 (a) of the Act prior to its amendment by the aforesaid Act No. 230. Despite the administrative character of said Acts, *Próspero Fruit Co.* v. *Tax Court*, 64 P.R.R. 631, 640, their provisions do not have the scope which, in its effects, the petitioner attributes to them, namely, that all administrative procedures prior to July 1, 1949 are without legal effect and that they must be commenced anew. It is inconceivable to attribute to the Legislature the purpose of creating such chaos in the governmental agency in charge of administering the Income Tax Act. The main purpose in approving Act No. 235 of May 10, 1949 doubtless was to gather under a single Act the different procedures governing review by the Tax Court of the decisions of the Treasurer regarding all kinds of taxes which make up the taxpayers' fiscal liability. Because of the diversity in the nature of the taxes in this jurisdiction, and the peculiarities in the administrative procedures for the imposition and collection of each of them, such administrative procedures remained in each one of the Acts referring to each one of the different kinds of taxes, while the uniform procedure to appeal to the Tax Court was included in a single Act. It was necessary, however, in order to harmonize the provisions of said Act, with respect to income taxes, with those of the special Act on such question, to amend § 57 (a) of the Income Tax Act extending from 15 to 30 days the term within which the taxpayer may request the reconsideration of a notice of deficiency and to leave up to the taxpayer's discretion whether to apply or not for the reconsideration of said deficiency. But this notwithstanding the administrative procedure previously established remained subsistent and unaltered.

Under the foregoing circumstances the notice served on petitioner herein on October 10, 1949 constituted the final decision on the notice of deficiency of January 15 of that year, and since the taxpayer filed his complaint on the following November 10, he did so after the expiration of the 30-day jurisdictional term established by law therefor. The motion for reconsideration of October 13, 1941 did not interrupt said term, inasmuch as the Act does not authorize a taxpayer to apply for the reconsideration of a final decision of the Treasurer.

The decision of the Tax Court will be affirmed.

Mr. Justice Snyder did not participate herein.